UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leon Duhamel, Jr.,<br><br>       Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill,<br><br>       Defendant. | Case No.: 18-cv-02624-LAB-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

Plaintiff Leon Duhamel, Jr., who is represented by counsel, filed a complaint against seeking judicial review of the Commissioner's decision denying his application for disability insurance benefits and supplemental security income, as well as a motion to proceed *in forma pauperis* ("IFP"). (Docket no. 2.)

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay the requisite filing fee. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay the filing fee.

"[A]n affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339

(1948). But the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Duhamel's application does not sufficiently show that he is unable to pay the fee or post the securities required to maintain this action. The application says Duhamel is retired and his sole source of income is $1,011 per month in "Social Security early retirement pay." (Docket no. 2 ¶¶ 2–3.) Plaintiff's monthly expenses total $1,290 for insurance ($180), utilities ($175), loan payments ($400), medical ($150), food ($250), gasoline ($80), and property taxes ($55). (*Id.* ¶ 6.) His monthly expenses therefore exceed his reported monthly income by $279. He has $600 in a bank account. (*Id.* ¶ 4.) He owns an automobile that he values at "less than $10,000." (*Id.* ¶ 5.) He also owns real estate with an estimated equity of $250,000 and a $235,000 reverse mortgage that "increases monthly." (*Id.* ¶¶ 5, 8.) He owes $10,000 in credit card debt. (*Id.* ¶ 8.) Plaintiff has no dependents. (*Id.* ¶ 7.)

The application is incomplete and fails to show that Duhamel cannot pay the filing fee and still provide himself with the necessities of life. In particular, he appears to be receiving reverse mortgage payments that are not reflected in his income. Or, he may be entitled to draw on an equity line of credit as needed. Either way, he appears to have substantial income or assets that his application does not account for.

Duhamel's IFP motion is **DENIED** without prejudice. Within **21 calendar days of the date this order is issued**, Duhamel must either pay the filing fee, or else file a renewed IFP motion that accounts for his home equity and reverse mortgage, explaining why he could not use those payments, assets, or income to pay the filing fee in this case. If he fails to do either within the time permitted, this action will be dismissed for failure to prosecute.

**IT IS SO ORDERED**.

Dated: November 30, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge